

# Fourth Court of Appeals
## San Antonio, Texas

January 27, 2017

No. 04-16-00807-CR

Shari **HUSTEAD,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 5772
Honorable N. Keith Williams, Judge Presiding

# O R D E R

On January 10, 2017, the court reporter responsible for filing the record in this case filed a notification of late record, stating that the reporter's record had not been filed because appellant's court-appointed counsel, Leland McRae, had failed to file a designation of record. We ordered Mr. McRae to file, on or before January 20, 2017, written proof to this court that he had filed a designation of record with the court reporter.

On January 11, 2017, we received notice that on December 20, 2016, the trial court granted Mr. McRae's motion to withdraw as appellate counsel and appointed Pat McGuire to represent appellant on appeal. We, therefore, ORDER Mr. McGuire to file, **on or before February 7, 2017**, written proof to this court that he has filed a designation of record with the court reporter. **The reporter's record is due thirty (30) days after the designation of record is filed with the court reporter.**

On January 11, 2017, the trial court clerk filed a notification of late record stating that part of the reason the clerk's record had not been filed was that she had not received a designation of record from Mr. Maguire. Texas Rule of Appellate Procedure 35.3(a) states that the trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if:

(1)      a notice of appeal has been filed;

(2)      the trial court has certified the defendant's right of appeal; and

(3)     the party responsible for paying for the preparation of the clerk's
        record has paid the clerk's fee, has made satisfactory arrangements
        to pay the fee, or is entitled to appeal without paying the fee.

TEX. R. APP. P. 35.3(a). Here, the trial court clerk does not claim in her notification that a notice of appeal has not been filed, that the trial court did not certify the defendant's right of appeal, or that appellant is not entitled to proceed without paying the fee for the clerk's record. Thus, pursuant to Rule 35.3(a), the trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record.

Additionally, Rule 34.5(a) lists the documents to be included in the clerk's record "[u]nless the parties designate the filings in the appellate record by agreement under Rule 34.2." TEX. R. APP. P. 34.5. In criminal cases, the documents to be included in the clerk's record are the following:

(1)     the indictment or information;
(2)     any special plea or defense motion that was presented to the court and
        overruled;
(3)     any written waiver, any written stipulation, and, in cases in which a
        plea of guilty or nolo contendere has been entered, any documents
        executed for the plea;
(4)     the court's docket sheet,
(5)     the court's charge and the jury's verdict, or the court's findings of
        fact and conclusions of law;
(6)     the court's judgment or other order that is being appealed;
(7)     any request for findings of fact and conclusions of law, any post-
        judgment motion, and the court's order on the motion;
(8)     the notice of appeal;
(9)     any formal bill of exception;
(10)    any request for a reporter's record, including any statement of
        points or issues under Texas Rule of Appellate Procedure 34.6(c);
(11)    any request for preparation of the clerk's record;
(12)    the trial court's certification of the defendant's right of appeal
        under Texas Rule of Appellate Procedure 25.2; and
(13)    any filing that a party designates to have included in the record.

Thus, Mr. McGuire may file a designation of materials to be included in the clerk's record but he is **not required** to do so. *See* TEX. R. APP. P. 35.3(a); 34.5(a).

We, therefore, ORDER the trial court clerk, Jan Davis, to file the clerk's record on or before **February 17, 2017**. In preparing the clerk's record, the trial court clerk is ORDERED to follow Texas Rule of Appellate Procedure 34.5(a).

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of January, 2017.



Keith E. Hottle
Clerk of Court